## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LEE AND PRUDENCE INGRAM

     Plaintiffs,

v.                             Case No. 1:12-CV-03053-SCJ-JFK
                                  HON.

CITIMORTGAGE, INC. and
REAL PROPERTY MANAGEMENT, N.E. and
FEDERAL HOME LOAN MORTGAGE CORP.
a/k/a FREDDIE MAC

     Defendant(s).

_____

J. G. DAVIS & ASSOCIATES, LLC
By:  JOSHUA G. DAVIS (#514674)
Attorney for Plaintiffs
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax:    (855) 814-3619
_____

### PLAINTIFFS' RESPONSE TO DEFENDANTS' CITIMORTGAGE, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

COMES NOW, Lee and Prudence Ingram, Plaintiffs through their undersigned counsel, in the above-captioned matter and files this Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, respectfully showing this Honorable Court the following:

## ANSWERS

### 1.

CitiMortgage ("CM") and Freddie Mac ("FM", jointly "Co-Defendants") responded to Plaintiffs' Amended Complaint for Damages by filing a 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted. A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b) (6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).   The test for determining the sufficiency of a complaint under Rule 12(b) (6) was set out by the United States Supreme Court as follows:  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  See also *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997).  Hence, in order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555.  Moreover, "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002). In conjunction, "the plaintiff's complaint is to be construed in a light most

favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc*., 94 F.3d 189, 194 (5th Cir. 1996). Plaintiffs' assert that Co-Defendants, jointly and separately, unlawfully took their property. Co-Defendant CM was in fact acting as a debt collector when they wrongfully stole the Property. The facts are clear in this matter: Defendants have not asserted they provided proper notice to Plaintiffs. This information, when seen as true and construed favorably would allow Plaintiffs to gain an order in their favor. Further, Co-Defendant CM did not have a secured interest in the property at the time they foreclosed on Plaintiffs making their actions wrongful; Co-Defendant FM did not give proper notice of eviction further making their movement for dismissal without merit. As such, Co-Defendants Motion to Dismiss should not be granted.

2.

Co-Defendants assert Plaintiffs lack standing to challenge, as they have not tendered the amount owed. (*See Defendants Motion to Dismiss Amended Complaint* Page 8-9). However, Plaintiffs assert this assumption is wholly false. Plaintiffs have greatly performed equity for which Co-Defendants themselves now owe Plaintiffs in equity. Plaintiffs have fulfilled their end of the promise and are themselves owed equity. Under the case law used by Co-Defendants *Mitchell v. Interbay Funding, LLC,* 279 Ga.App.323, 325 n.4 (2006) it states " before [a]

~ 3 ~

borrower may have [a] foreclosure sale set aside, borrower must pay the tender or tender to the creditor the principal and interest he admits to be due." Plaintiffs paid for ten-months opposed to the average three-month trail-modification period, which a reasonable person would assert, through the banks on acceptance, became a permanent modification.   Plaintiffs were well overdue paperwork that was merely a technicality to a contract well-established by practice and repeated payments.    Therefore, Plaintiffs are due equity in that Co-Defendants were enriched by Plaintiffs actions on the contract of the modification and are now entitled to relief from Co-Defendants.

3.

Co-Defendant CM claims that because they are the holder of the note and security deed they have the power to foreclose on Plaintiffs' Property. (*See Co-Defendants Motion to Dismiss Plaintiffs Amended Complaint* Page 9-11). Plaintiffs assert that whether CM was the holder of the Note and Security Deed is a question of fact and a question for a jury.  Moreover, it is Plaintiffs' assertion that FM was the actual owner of the Note and hence the true secured creditor due the indebtedness according to the definition of the secured creditor established in *Gary Stubbs v. Bank of America, No. 1:11-CV-1367-AT (2012).*   Furthermore, it is undisputable that Plaintiffs paid for the TPP which was permanent based on the time and continued acceptance of the payments by Co-Defendants.  This shows

that no matter the party capable of selling the property, Plaintiffs continued to pay for the home through the TPP and the acceleration/default should not have occurred.  Further, Co-Defendants acted in the most egregious bad faith by not giving Plaintiffs notice of foreclosure under O.C.G.A. § 44-14-162.2 where it states "Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure." Further, "A trial court should not confirm a sale under power of deed if there is no evidence that the debtor was properly notified of the sale in accordance with the statutory requirements." *TKW Partners, LLC v. Archer Capital Fund, L.P.*, 302 Ga.App. 443, 691 S.E.2d 300 (2010).  Further still, "Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." *Roylston v. Bank of America, N.A.*, 290 Ga.App. 556, 660 S.E.2d 412 (2008). Plaintiffs did not receive the statutory notice as required by Georgia law.  Moreover, a notice of eviction was never sent as required under O.C.G.A. § 44-7-7 where it states "Sixty days' notice from the landlord or 30 days' notice from the tenant is necessary to terminate a tenancy at will."  Further, "Landlord did not properly demand possession of property, and was not entitled to writ of possession against tenant who had not paid rent, where landlord did not

demand possession until day after filing of complaint for possession and landlord had not provided 60 days notice of termination to tenant.   O.C.G.A. §§  44-7-7, 44-7-50."   *Trumpet v. Brown*, 215 Ga.App. 299, 450 S.E.2d 316 (1994).  The lack of notice to end the tenancy 60 days before makes the actions by Co-Defendants further egregious and allowing for relief being granted to Plaintiffs. Therefore, Plaintiffs are entitled to relief from Co-Defendants jointly and severably and Co-Defendants motion to dismiss should not be granted.

4.

Co-Defendant CM claims that similar to the *Gass* case no permanent modification existed because the documents were not sent to Plaintiffs and the TPP was simply an "agreement to agree." (*See Co-Defendants Motion to Dismiss Plaintiffs Amended Complaint* Page 11-15).  However, the *Gass* case is completely irrelevant in many instances to the case at Bar.  In *Gass v. CitiMortgage, Inc.,* 1:11-CV-3713-RWS-JSA; 2012 WL 3201400 (Ga. N.D. June 25,2012) Ms. Gass was entered into a TPP to which she had only paid one or two times at which point she was not able to stay in the program the modification.  Further, her loan was transferred to a new servicer who had not agreed to adhere to an agreement her previous servicer had agreed to after transferring her loan.  This eventually led to her falling behind on the payments and never fulfilling her end of the conditional contract that was the TPP.  However, in stark contrast to the *Gass* case Plaintiffs

made not only the required payments to receive the final paper work but seven extra payments at which point Co-Defendants foreclosed.  Moreover, Plaintiffs' TPP was not transferred to a new servicer.  After the July email sent to Plaintiffs, Plaintiffs reasonably assert that the contract was in fact in existence and all that was needed was the showing of paper work just as a receipt of that contract. (*See* Plaintiffs exhibit "D") Furthermore, in *Gass* the Court states the TPP alone was not enough; however; here there was much more performance for which a merger of contract is the very least justifiable action deserved by Plaintiffs.  For these reasons Plaintiffs are entitled to have the contract adhered to by Co-Defendants, lest Defendants be unjustly enriched by Plaintiffs diligence in not-only paying for the contract, but also providing information to CM as additional consideration for the modification.  Moreover, there is an abundance of case law countering Defendants assertions that a TPP gives Plaintiffs no recourse.  Cases such as: *Wingod v. Wells Fargo Bank N.A,* 673 F.3d 547; 11-1423 (U.S.C.A. 7th Cir, March 7, 2012). *Bosque v. Wells Fargo Bank N.A.,* 762 F.Supp.2d 342; 10-10311-FDS (U.S.D.C., D. Massachusetts, January 26, 2011).  *Stagikas v. Saxon Mortgage Services, Inc.*, 795 F.Supp.2d 129; 10-40164-FDS (U.S.D.C., D. Massachusetts, July 5, 2011). *Daney v. Citi Financial, Inc.,* 1:10-CV-848; 2011 WL 3758805 (U.S.D.C., W.D. Michigan South Division, August 25, 2011).   *Belyea v. Litton Loan Servicing, LLP.,* 10-10931-DJC; 2011 WL 2884964 (U.S.D.C., D. Massachusetts, July 15,

2011).  *Picini v. Chase Home Finance, LLC.,* 854 F.Supp.2d 266; 11-CV-2393(JS)(GRB)(U.S.D.C., E.D. New York, February 16, 2012).  *Frank Athen v. Citimortgage,* CCB-10-2740; 2011 WL 3425665 (U.S.D.C., D. Maryland, August 4, 2011).  *Sutcliffe v. Wells Fargo Bank N.A.,* 283 FRD 533; C-11-06595JCS (U.S.D.C., N.D. California, May 9, 2012) "Numerous courts have held that the TPP is an enforceable agreement, at least for the purposes of surviving a motion to dismiss under Rule 12(b)(6)."  *Bolone v. Wells Fargo Home Mortgage, Inc.,* 858 F.Supp.2d 825; 11-10663 (U.S.D.C., E.D. Michigan, Southern Division March 14, 2012).  All of these cases found that there is an actual contract dispute under a TPP that can survive a motion to dismiss and deserves further review.   More importantly, all aspects of a contract have been fulfilled as to mutual assent and action with consideration being Plaintiffs fulfilling all requested actions by Co-Defendants.  Therefore, Co-Defendants' Motion to Dismiss should not be granted.

5.

Co-Defendants claim they did not breach the TPP because it was not permanent and the lease contract was not breached because it was terminable at will.  (*See Co-Defendants Motion to Dismiss Plaintiffs Amended Complaint* Page 15-16).  However, Plaintiffs assert it is upheld law in Georgia that:

> "(a) The specific performance of a parol contract as to land shall be decreed if the defendant admits the contract or if the contract has been so far executed by the party seeking relief and at the instance or by the inducements

of the other party that if the contract were abandoned he
could not be restored to his former position.
(b) Full payment alone accepted by the vendor, or partial
payment accompanied with possession, or possession
alone with valuable improvements, if clearly proved in
each case to have been done with reference to the parol
contract, shall be sufficient part performance to justify a
decree." *O.C.G.A.* §23-2-131

It is clear that the contract had been "far executed" by Plaintiff and CM had

accepted, as the payments were for close to a year taken without restraint.

Plaintiffs were continuously living in the Property and occupying the land, making

actions against their interest wrongful.  Defendant CM breached the contract by not

following through on their end of the accepted offer based upon the loan

modification and foreclosing on the property on March 1, 2011.  Hence, Plaintiffs

are entitled to the TPP being upheld as permanent.  In regards to the lease with Co-

Defendant FM, being that Co-Defendant CM wrongfully foreclosed their transfer

to FM would be void and hence would require FM to return all money received by

FM from Plaintiffs.  Moreover, under O.C.G.A. § 44-7-6 its states "where no time

is specified for the termination of a tenancy, the law construes it to be a tenancy at

will." Further under O.C.G.A. § 44-7-7 where it states "Sixty days' notice from the

landlord or 30 days' notice from the tenant is necessary to terminate a tenancy at

will."  Further, "Landlord did not properly demand possession of property, and was

not entitled to writ of possession against tenant who had not paid rent, where

landlord did not demand possession until day after filing of complaint for possession and landlord had not provided 60 days notice of termination to tenant. O.C.G.A. §§ 44-7-7, 44-7-50." *Trumpet v. Brown*, 215 Ga.App. 299, 450 S.E.2d 316 (1994). Plaintiffs' lease agreement as stated repeatedly by Co-Defendants was a month to month lease, however no termination date or time was ever listed in that contract making it a tenancy at will by law. Plaintiffs never received notice of the termination of the tenancy at will. Defendants have conceded the contract with Plaintiffs was terminable at will making it again confirming the tenancy at will status but also furthering the fact that Plaintiffs were unlawfully evicted. (*See Co-Defendants Motion to Dismiss Plaintiffs Amended Complaint* Page 15-16 and generally). Plaintiffs' contract fell under O.C.G.A. § 44-7-6, meaning Co-Defendants actions to dispossess Plaintiffs had to follow statute 44-7-7 and makes Co-Defendants dispossession actions wrongful. They did not follow this rule and have a proclivity to ignore rules; Co-Defendants Motion to Dismiss should not be granted and instead Plaintiffs should be granted relief.

6.

Co-Defendants claim that they believe Plaintiffs are asserting a breach of the covenant of good faith for which there is no underlying contract to breach. (*See Co-Defendants Motion to Dismiss Plaintiffs Amended Complaint* Page 15-16). Plaintiffs however assert that Co-Defendants have failed to assert any defenses

against the action of bad faith to which it should be seen as being uncontested. Moreover, Plaintiffs assert Co-Defendants acted in the most atrocious of bad faith knowing they were wrongfully foreclosing on a property that had a valid contract that should have been adhered.  Georgia law provides "Powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." *O.C.G.A.* § 23-2-114.  Being that Co-Defendants CM informed Plaintiffs of their TPP and accepted their money to which after three months it was to be made permanent, at which point CM ignored this in bad faith while continuing to deceive Plaintiffs.  It is stated in relevant case law that:

> "…"the element of bad faith relates  to  the  defendant's conduct in entering into the contract or pertains to the transaction and dealings out of which the cause of action arose, not to the defendant's conduct after the cause of action arose… Moreover, "[e]ven where there is a bona fide controversy as to liability, a jury may find that a defendant acted in the most atrocious bad faith in its dealing with the plaintiff."

*City of Lilburn v. Astra Group, Inc.* 286 Ga. App. 568, 571 (2007).

Moreover, it has been further upheld that:

> "…the element of bad  faith that  will  support  a  claim  for litigation expenses under O.C.G.A. § 13-6-11 must relate to the acts in the transaction itself prior to the litigation, not to the conduct during or motive with which a party proceeds in  the  litigation. And  statutory  recovery  for  causing unnecessary  trouble  and  expense  is  authorized  if  there exists  no  bona  fide  controversy  or  dispute  regarding liability for the underlying cause of action."

*Fresh Floors, Inc. v. Forrest Cambridge Apartments, L.L.C* 257 Ga. App. 270, 271 (2002)

Plaintiffs relied on the previously asserted misrepresentations of Co-Defendant CM, and made such payments as directed by these misrepresentations. However, Co-Defendant CM, with superior knowledge and intention, actively misrepresented events to Plaintiffs in order to cause Plaintiffs to later go into foreclosure. CM did so with the knowledge that if Plaintiffs acted in good faith on these misrepresentations, Plaintiffs would accept the modification contract was activated and in believing this not pursue other avenues to avoid foreclosure, such as Chapter 13 bankruptcy. Moreover, but for CM's wrongful actions of taking Plaintiffs' Property while under a valid modified contract FM would not have been able to assert a monthly lease on Plaintiffs. FM misled and asserted their ownership over the Property before their interest had vested well before March 25 by sending a letter to Plaintiff on March 14. However, this letter was based upon the wrongful foreclosure sale held on March 1, 2011 while Plaintiffs were in fact paying for their Property diligently and on time. Because the Property was taken from Plaintiffs at a time when they in fact had equity in the home makes the foreclosure and the payment of rent wrongful actions conducted under bad faith. Therefore, Plaintiffs request Co-Defendants Motion to Dismiss not be granted and instead relief be granted to Plaintiffs.

7.

Co-Defendants claim that no statements were made by CM or FM that Plaintiffs could have reasonably relied upon and therefore their claim for promissory estoppel is defeated. (*See* Defendants Motion to Dismiss Plaintiffs' Amended Complaint Pages 17-20).   To prevail on a promissory estoppel claim, Plaintiffs must show that: (1) defendant made certain promises; (2) defendant should have expected that plaintiffs would rely on such promises; (3) the plaintiffs did in fact rely on such promises to their detriment; and (4) injustice can be avoided only by enforcement of the promise. O.C.G.A. § 13-3-44(a). *Canterbury Forest Ass'n v. Collins*, 243 Ga.App. 425 (2000).   CM told Plaintiffs that if they made all of their payments and complied with the modification program they would receive the permanent modification, reasonably construed to occur at the end of the month in which Plaintiffs where in the final stage of review. (*See* Exhibit "C" and "D" Plaintiffs Amended Complaint).   These interactions between Plaintiffs and Defendants show a promise being made upon adhering to the loan contract to which a modification had been added. Reasonable reliance is shown here being that Plaintiff did everything required of them to receive the modification; further, Plaintiffs relied on this promise being they continued to pay Co-Defendants after the sale from CM to FM.   The last element is clearly met being that without the promise being adhered to Co-Defendants will be rewarded

for breaching a contract and promise to which they will be unjustly enriched and Plaintiffs will lose their home that they have fought for diligently and in good faith. Moreover "As the Eleventh Circuit has commented: "Promissory estoppel is an equitable doctrine designed to prevent the intricacies and details of the law from frustrating the ends of justice."" *Sun-Pacific Enterprises, Inc. v. Girardot,* 251 Ga.App. 101, 106; 553 S.E.2d 638, 642 (2001). Plaintiffs relied upon the promise from Co-Defendants by paying and adhering to all other modification requests, to which Co-Defendants never sent to Plaintiffs a reply or what can be seen as a receipt document. Plaintiffs should not be barred from the contract they have diligently performed under by Co-Defendants bad faith and guise of not creating the permanent modification. Furthermore, after making well over the usual required payments and not being requested or required to submit any further documentation it is reasonable to assert that Plaintiffs have and had been granted a permanent modification; making the documentation unnecessary. Therefore, Co-Defendants Motion to Dismiss should not be granted and Plaintiffs should receive performance based upon the promise. Next "in order to establish a claim for fraud under Georgia law, a plaintiff must satisfy the following elements: (1) the defendant made certain promises; (2) the defendant should have expected that the plaintiff would rely on the promises; and (3) the plaintiff relied on the promises to his or her detriment. *See*, *e.g.*, *Hendon Properties, LLC v. Cinema Development,*

*LLC*, 275 Ga. App. 434, 438-39, 620 S.E.2d 644 (2005); *Houston v. Houston*, 267 Ga. App. 450, 451, 600 S.E.2d 395 (2004); O.C.G.A. § 13-3-44(a).   Plaintiffs assert they did in fact make a false representation by sending the correspondence to Plaintiffs stating they owned the property March 14; when in fact they did not hold any interest until the document was filed on July 25; this is according to O.C.G.A. §44-2-2 that until a corporate document is filed it does not take effect.   In *Seckinger-Lee Co. v. Allstate Ins. Co.,* 32 F.Supp.2d 1348, 1354 (N.D. Ga. 1998) it states "Constructive fraud is legal fraud without knowledge or scienter."   Plaintiff believes that Co-Defendants fit into this category because for CM and FM even without malicious intention being oblivious to the facts of the wrongs they were conducting does not absolve them of their wrongful actions.   Furthermore, the acceptance of money on behalf of CM and FM make their actions further egregious being that they acted without proper authority.   Therefore, Plaintiffs are entitled to relief from Co-Defendants as granted by this Honorable Court.

8.

Co-Defendants claim that their dispossessory actions are not wrongful because Georgia law allows for dispossessory proceedings. (*See* Defendants Motion to Dismiss Plaintiffs' Amended Complaint Pages 20-23).   It is noteworthy to state that Co-Defendants currently ceased their dispossessory action on their own accord likely due to their further realization that to proceed would expose

~ 15 ~

them to further damages owed to Plaintiffs.  Moreover, *Morgan v. Ocwen Loan Servicing, LLC* 1:10-CV-3555-AT (N.D. Georgia 11th Cir. 2011) states, "a court may refuse to dismiss as moot claims in which the former controversy is one "capable of repetition, yet evading review." (*United Steelworkers of America v. Bishop,* 598 F.2d 408, 412 (5th Cir.1979)."  Further, CM's act of foreclosing upon Plaintiffs wholly relates to the dispossessory actions of FM and CM being that had it not been for the wrongful foreclosure by CM then FM would not have claimed an interest in Plaintiffs Property.  In conjunction, the wrongful guise of ownership with the improper notice of eviction from a tenancy at will contract makes FM's actions illegal allotting Plaintiffs relief.  Furthermore, Co-Defendants have asserted claims in various aspects of their Motion to dismiss in a fashion that are irrelevant to Plaintiffs claims.    However, although Co-Defendants have confusingly stated they owned Plaintiffs property, the transfer calls in to question who the owner of the loan was at the time of sale and if in fact it was FM, which then CM had no authority to foreclose on the Property. It appears, CM was merely shading FM from the public notice associated with foreclosing, despite FM being the true creditor of Plaintiffs loan.  It would seem that FM is to shy to foreclose, but bold enough to evict, wrongful or not. Moreover, if a document is not properly filed its power is not vested as displayed by O.C.G.A. § 44-2-2 and further described as "under statute providing that deeds, mortgages, and liens which are required by

law to be recorded and which are against the interests of third parties who have acquired a transfer or lien binding the same property and who are acting in good faith and without notice shall take effect only from the time they are filed for record in the clerk's office…" *Jackson v. Bank One,* 287 Ga.App.791; 652 S.E.2d 849 (2007).  This is a direct correlation to the Co-Defendants, being that their rights are in question as to the fact that they did not file their interests properly before proceeding with foreclosure and dispossessory actions.  Furthermore, this gives resounding relevance to all claims by Plaintiffs; and further without proper filed interest and notices being sent makes Co-Defendants actions wholly illegal and render damages to Plaintiffs.  Therefore, Co-Defendants motion to dismiss should not be granted and Plaintiffs should be granted relief as deemed appropriate by this Court.

9.

Co-Defendant CM claims that Plaintiffs FDCPA claim fails because they are not a debt collector and non-judicial foreclosures do not fall under the FDCPA. (*See* Defendants Motion to Dismiss Plaintiffs' Amended Complaint Pages 23-25). Plaintiffs assert that once again Co-Defendant CM is wholly mistaken in their claim.  First it is egregious and a testament to CMs bad faith that they would claim to not be a debt collector.  Co-Defendant CM is considered a Debt Collector under 15 USC 1692a(6)f and even asserts so during the first voice prompt when calling

their loan department. FDCPA is applicable to Co-Defendant CM, who correctly cites to 15 U.S.C.A § 1692a (6) "Enforcement of a security interest through the foreclosure process is not debt collection for the purposes of the FDCPA." However, an exception applies if the debt collector "takes or threatens to take any non-judicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C.A. §1692f (6).  Here, first Plaintiffs never received proper notice of the foreclosure as required by O.C.G.A. § 44-16-162.2 which states in pertinent part "Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number…"  This requirement did not occur hence making Co-Defendants action of foreclosure wrongful; moreover, as a debt collector or party exerting control over property Co-Defendant CM must act in "good faith" presented from *Ginn v. C. & S. Nat. Bank*, 145 Ga.App. 175, 177; 243 S.E.2d 528 (1978) cited by *Mayo v. Bank of Carroll County,* 157 Ga.App.148; 276 S.E.2d 660 (1981).  Being that Plaintiffs where paying for their contractual modification for well over the usual period of time with no rejection or resistance from Co-Defendant CM it was reasonable that the modification was permanent.  Moreover,

under O.C.G.A. § 13-4-4 "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice." The occurrence of this contract beyond the time frame usual and agreed upon asserts a new arena where Co-Defendant CM would not be able defer from the contract without first giving notice to Plaintiffs of their intent to adhere to the contract. Furthermore, given the length of time that the new terms were in place the merger doctrine would take effect and the new payments are now made permanent by the acceptance of repeated payments without objection. Furthermore, Defendants would breach their duty to conduct the sale in good faith promoting their egregious nature by not adhering to the contract and or giving notice otherwise. Therefore, Defendants Motion to Dismiss should not be granted.

## CONCLUSION

For the reasons stated above Defendants' Motion to Dismiss should not be granted because Plaintiffs have specifically averred claims in which relief can be granted as a matter of law.

This 6th day of December, 2012.

                                          Respectfully Submitted,

                                          /s/Joshua G. Davis
                                          JOSHUA G. DAVIS
                                          Bar No.: 514674
                                          J.G. DAVIS & ASSOCIATES, LLC
                                          P.O. Box 7309
                                          Atlanta, GA 30357
                                          Phone:  (855) 543-2847
                                          Fax:      (855) 814-3619
                                          swordandshieldlaw@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LEE AND PRUDENCE INGRAM

      Plaintiffs,

v.                                     Case No. 1:12-CV-03053-SCJ-JFK
                                        HON.

CITIMORTGAGE, INC. and
REAL PROPERTY MANAGEMENT, N.E. and
FEDERAL HOME LOAN MORTGAGE CORP.
a/k/a FREDDIE MAC

      Defendant(s).

_____

J. G. DAVIS & ASSOCIATES, LLC
By:  JOSHUA G. DAVIS (#514674)
Attorney for Plaintiffs
P.O. Box 7309
Atlanta, GA 30357
Phone: (855) 543-2847
Fax:    (855) 814-3619

_____

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2012, I electronically filed the foregoing *Plaintiffs' Response to Defendants Motion to Dismiss Plaintiffs' Amended Complaint* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record. I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 6th day of December, 2012.

Respectfully Submitted,
/s/Joshua G. Davis
JOSHUA G. DAVIS
Bar No.: 514674
J.G. DAVIS & ASSOCIATES, LLC
P.O. Box 7309
Atlanta, GA 30357
Phone:  (855) 543-2847
Fax:      (855) 814-3619
swordandshieldlaw@gmail.com